IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NYAMEKEY ALLEN, and <br> JENNIFER WALLOCH, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CRETE CARRIER CORPORATION, <br> and VANESSA LYNN HELTON <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) **CIVIL ACTION FILE** <br> ) **NO.: _____** <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW Plaintiffs in the above-styled action, and hereby file this Complaint and show the Court as follows:

1.

Plaintiffs Nyamekey Allen and Jennifer Walloch are residents of the State of Georgia, residing at 1188 Kendrew Pass Marietta, GA 30008.

2.

Defendant Crete Carrier Corporation (hereinafter referred to as "Defendant(s)" or "Defendant Crete") is a Nebraska corporation and service may be made upon its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

1

3.

Defendant Vanessa Lynn Helton, (hereinafter jointly referred to as "Defendant(s)" or "Defendant Helton") is a resident of Kentucky and may be served at her personal residence located at 357 Walnut Road, Boaz, KY 42027. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

4.

The amount in controversy in this action exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5.

The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332, because there is complete diversity between the parties.

6.

On June 4, 2016, Plaintiff Nyamekey Allen was traveling close to the intersection I-20W and I-285SB within Fulton County, GA.

7.

Defendant Helton was traveling behind the vehicle being driven by Plaintiff Allen when she struck the rear of said vehicle. Defendant Helton was following Plaintiff Allen's vehicle too closely and struck the rear bumper of the vehicle.

8.

At all times mentioned herein, Plaintiff Allen acted with reasonable care under the conditions and circumstances then existing.

9.

Defendant Helton was negligent in following too closely and was cited for this violation by the officer on the scene.  In addition, Defendant Helton failed to keep a proper lookout.

10.

On June 4, 2016, Defendant Helton was at all times an employee and agent acting within the course and scope of her employment for Defendant Crete.  All Defendants are jointly and severally liable and Defendant Crete is liable for the actions of Defendant Helton under theories of *Respondeat Superior*, vicarious liability, and agency principles.

11.

At the time of the subject incident, Defendant Helton was acting at the direction and under the control of Defendant Crete, operating Defendant's tractor-trailer in the course and scope of her employment with Defendant Crete, and with Defendant Crete's permission.

12.

Defendants failed to operate the subject vehicle with the due care exercised by individuals in like or similar circumstances and operated the tractor-trailer in a manner showing disregard for the safety of others, including Plaintiff.

13.

Defendants' actions constituted negligence in operating the tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

14.

Defendants' actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiffs.

15.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation, inspection and maintenance of the vehicle at issue. Defendants were negligent in failing to properly inspect, maintain and operate the equipment being utilized to ensure it was safe to do so, and in negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiffs.

16.

Defendants negligently hired, supervised, trained and retained Defendant Helton and negligently entrusted the tractor-trailer responsibilities to Defendant

Helton. Defendants negligently failed to implement and utilize proper procedures to evaluate Defendant Helton's skills and expertise for the operation of said tractor-trailer.

17.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of Defendant Crete's tractor-trailer to said management, agents and employees.

18.

Defendants were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiffs.

19.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor common carrier laws, and Federal motor common carrier regulations, including but not limited to O.C.G.A. § 40-6-49.

20.

Defendants were and are negligent *per se.*

21.

Defendants were negligent for all other acts of negligence as may be shown at trial.

22.

The injuries sustained by Plaintiffs were the direct and proximate result of the negligence of the Defendants.

23.

But for the negligence of Defendants, Plaintiffs would not have suffered injuries, physical pain, mental and psychological suffering, and other injuries and damages that will be proven at trial.

24.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiffs. Defendants are jointly and severally liable for the injury to Plaintiffs and all damages recoverable under Georgia law.

25.

As a result of Defendants' negligence, Plaintiff Nyamekey Allen has incurred reasonable, necessary, and continuing medical expenses from his injuries, likely exceeding $97,708.50, and could continue to incur expenses in the future, in an amount to be proven at trial.

26.

Plaintiff Jennifer Walloch is the lawful wife of Plaintiff Nyamekey Allen. Plaintiff Jennifer Walloch has suffered a loss of consortium, companionship and services of Plaintiff Nyamekey Allen, and is entitled to recover for such damages in an amount to be proven at trial.

27.

Plaintiffs are entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Lost wages;

h) Impaired ability to labor;

i) Incidental expenses;

j) Loss of earning capacity;

k) Loss of consortium;

l) Past, present and future medical expenses;

m) Permanent injuries; and

n) Consequential damages to be proven at trial.

28.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, the Plaintiffs pray for a judgment to be awarded to them and against the Defendants for the following:

1) Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

2) Plaintiffs be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

3) Plaintiffs be awarded damages for loss of consortium;

4) Plaintiffs be awarded a trial by jury; and

5) Plaintiffs have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED

This 5 day of January, 2018.

                                          Respectfully submitted,

                                          TITUS LAW, LLC

                                          MATHEW K. TITUS
                                          Georgia Bar No. 479107
                                          Counsel for Plaintiffs

TITUS LAW, LLC
5755 North Point Parkway Suite 69
Alpharetta, GA 30022
Telephone: 770.416.8426
Facsimile: 770.818.5545
mktitus@titus-law.com